# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **DEBORAH LOVING,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:10-0195** |
| ) | |
| **MYRON L. BATTS,** ) | |
| **Warden, FPC Alderson,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On February 26, 2010, Petitioner,[1] acting *pro se* and incarcerated at FPC Alderson,[2] located in Alderson, West Virginia, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[3] (Document No. 1.) Petitioner alleges that the BOP is improperly denying her nine months placement in a Residential Re-Entry Center [RRC]. (Id.) First, Petitioner requests that this Court excuse her from the exhaustion requirement. (Id., p. 3.) Petitioner

---

[1] On August 1, 2007, Petitioner was convicted in the United States District Court for the Eastern District of Virginia of one count of Health Care Fraud in violation of 18 U.S.C. § 1347, and twenty-nine counts of making False Statements Related to Health Care in violation of 18 U.S.C. § 1035. *United States v. Loving*, Case No.2:07-cr-00066 (E.D.Va. Nov. 16, 2007), Document No. 26. On November 16, 2007, the District Court sentenced Petitioner to a 41-month term of imprisonment as to each count, to run concurrently. *Id.*, Document Nos. 40 and 41. The District Court also imposed a three year term of supervised release and imposed restitution in the amount of $301,626.30. *Id.* On November 25, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence and conviction. *United States v. Loving*, 321 Fed.Appx. 246 (4th Cir. 2008).

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently placed at CCM Raleigh.

[3] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

states that her projected release date is December 27, 2010 and she would suffer "irreparable harm if petitioner is forced to exhaust." (Id.) Next, Petitioner argues that the Second Chance Act entitles her to nine months RRC placement. (Id., p. 1.) Petitioner asserts that the "BOP is required to ensure that placements are long enough to provide 'the greatest likelihood of successful reintegration' [and] Congress intended that each inmate be considered for the full twelve month period of RRC placement with the only limitation being the application of 18 U.S.C. 3621(b) factors." (Id., p. 3.) Petitioner, however, argues that "the Unit Team is utilizing a cookie-cutter, black-n-white approach to RRC recommendations rather than adherence to the Second Chance Act statutory mandates." (Id., p. 4.) Petitioner complains that the Unit Team has recommended "60 to 90 days" RRC placement with "no individualized consideration being given to her in view of this time frame." (Id.) Petitioner explains that a longer RRC placement is necessary because there is a "greater employment search in light of the current economic situation occurring in society today, reintegration with family dynamics, and the ability to contribute greater monetary amounts toward her fine and restitution." (Id., pp. 3 - 4.)

Finally, Petitioner states that "she is entitled to nine months placement consideration as an incentive award for her participation in the BOP's skills development program, her educational accomplishments and religious achievement" pursuant to 42 U.S.C. § 17541. (Id.) Petitioner argues that "Section 17541 was created as part of the Second Chance Act, and by its plain language requires the BOP to 'provide incentives for prisoners' participation in skills development programs.'" (Id.) Petitioner states an incentive may "include the maximum allowable period in a community confinement facility." (Id.) Therefore, Petitioner requests that the Court order the BOP to "(1) reconsider the length of Petitioner's RRC placement in accordance with the Second Chance Act

2

determined on an individualized basis and of a duration more sufficient to optimize the likelihood of a successful reintegration into the community; and (2) consider separately and distinctly Petitioner's request to be awarded a 9-month RRC placement as an incentive for her participation in the BOP's skills development program." (Id.)

In support of her Petition, Petitioner attaches the following Exhibits: (1) A copy of her "Sentence Monitoring Computation Data as of 11-18-2009" (Id., pp. 5 - 6.); (2) A copy of Plaintiff's "Inmate Skills Development Plan" dated July 7, 2009 (Id., p. 7.); (3) A copy of Plaintiff's "Inmate Skills Development Plan" dated January 5, 2010 (Id., pp. 8 - 10.); (4) A copy of Plaintiff's "Inmate Request to Staff" dated December 28, 2009, requesting "individualized consideration for 6 months home confinement verses halfway house time" (Id., p. 11.); (5) A copy of Plaintiff's "Inmate Financial Plan" dated January 5, 2010 (Id., p. 12.); and (6) Copies of Certificates exhibiting Plaintiff's educational achievements (Id., pp. 13 - 15.).

By Order entered on April 2, 2010, the undersigned directed Petitioner to submit either the appropriate Application to Proceed *in Forma Pauperis* and Authorization to Release Institutional Account Information and to Pay Filing Fee, or to pay the $5.00 filing fee. (Document No. 3.) On April 21, 2010, Petitioner paid the $5.00 filing fee. (Document No. 4.) By Order entered on May 4, 2010, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On July 1, 2010, Respondent filed his Response to the Order to Show Cause. (Document No. 11.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner has failed to exhaust her administrative remedies" (Id., pp. 3 - 5.); (2) "The BOP has fulfilled its obligation to consider the

factors in 18 U.S.C. § 3621(b)" (Id., pp. 5 - 7.); and (3) "Petitioner's reliance on 42 U.S.C. § 17541(a) is misplaced" (Id., pp. 7 - 8.). In support of his Response, Respondent attaches the following Exhibits: (1) A copy of Plaintiff's "Inmate Skills Development Plan" dated July 7, 2009 (Document No. 11-1, pp. 2 - 12.); (2) A copy of Plaintiff's "Institutional Referral to RRC Placement" dated June 21, 2010 (Id., p. 14.); (3) A copy of Plaintiff's "Inmate Request to Staff" dated June 7, 2010, requesting "a furlough transfer to a halfway house 14 to 30 days prior to my home detention eligibility date under 42 U.S.C. § 17541(a)(2)(A) and 17541(a)(1)(G)" (Id., pp. 16 - 17.); (4) A copy of Plaintiff's "Inmate Skills Development Plan" dated June 7, 2010 (Id., p. 19.); and (5) The Declaration of Melissa Evans (Document No. 15.)

On August 2, 2010, Petitioner filed her "Rebuttal to Respondent's Show Cause Response." (Document No. 12.) Petitioner first argues that she did not "sit on her rights to challenge the recommendations of the Unit Team." (Id., p. 2.) Petitioner claims that she did not know her rights were in jeopardy until December, 2009. (Id., pp. 3 and 8.) Next, Petitioner states that she is not refusing to participate in the Inmate Financial Responsibility Program [IFRP]. (Id., p. 3.) Petitioner contends that she "has never refused to participate in IFRP according to the judge's sentencing order." (Id.) Petitioner further claims that "[u]pon arrival at FPC Alderson, I signed a contract agreement and for a period of time, approximately 14 months, I made monthly payments in amounts that were more than required by the judge's order." (Id., pp. 3 - 4.) Petitioner explains that she refused the BOP's demand of greater monthly payments because "neither Petitioner nor the Petitioner's family were able to pre-commit to by signing a contract agreement." (Id., p. 4.) Petitioner contends that even though she subsequently signed an IFRP contract on January 5, 2010, and has made payments, the "Unit Team did not change the status of 'REFUSE' until 5-14-2010."

(Id.) Third, Petitioner acknowledges that she "had an individualized RRC review based on the five factors under 3621(b)." (Id., p. 6.) Petitioner, however, argues that "the Second Chance Act requires the BOP to make individualized determination of an inmate's needs in addition to the 3621(b) requirement." (Id.) Finally, Petitioner contends that even thought the language of Section 17541 vests discretion with the BOP concerning they type of incentives to award, "the fact that Congress specifically suggests one such incentive may be the 'the maximum allowable period in a Community Confinement Facility' is illustrative of the types of incentives BOP should consider." (Id., p. 8.) Petitioner attaches the following Exhibits: (1) A copy of Plaintiff's "Program Review Report" dated July 16, 2008 (Id., pp. 11 - 13.); (2) A copy of Plaintiff's "Program Review Report" dated January 7, 2009 (Id., pp. 14 - 16.); (3) A copy of the "Restitution Judgment" as filed in Petitioner's underlying criminal action (Id., pp. 17 - 18.); (4) A copy of Warden Batts' Response dated April 15, 2010, denying Petitioner's "Inmate Request to Staff" (Id., p. 19.); and (5) A copy of Petitioner's "Sentence Monitoring Computation Data as of 11-18-2009" (Id., p. 20.).

## ANALYSIS

**1.     Exhaustion of Administrative Remedies:**

First, Respondent argues that Petitioner has failed to exhaust her administrative remedies. (Document No. 11, p. 3.) Respondent contends that Petitioner was aware that a 60-90 day RRC was recommended during the Program Review on July 7, 2009. (Id., p. 4.) Respondent states that "[i]nstead of filing an administrative remedy challenging the 60-90 day recommendation, Petitioner waited until another Program Review had passed and then, more than 7 months later, filed this action directly with this Court." (Id.) Accordingly, Respondent asserts that Petitioner "sat on her rights" and should not be excused from exhausting her administrative remedies. (Id., p. 5.) In

support, Respondent submits the Declaration of Ms. Melissa Evans, a former Case Manager at FPC Alderson.[4] (Document No. 15.) Ms. Evans states that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id., p. 1.) Specifically, Ms. Evans states as follows in her Declaration (Id., p. 2.):

> 9. On July 7, 2009, during inmate Loving's Program Review at FPC Alderson, we considered her for prerelease placement in a Residential Reentry Center ("RRC"). Based upon the five factors in 18 U.S.C. § 3621(b), we recommended that inmate Loving be placed in a RRC for 60 - 90 days.
> * * *
> 14. The Unit Team made the same 60 - 90 day recommendation during inmate Loving's January 5, 2010, March 23, 2010, and June 15, 2010 Program Reviews.

Petitioner acknowledges that she failed to exhaust her administrative remedies. (Document Nos. 1 and 12.) Petitioner, however, contends that she should be excused from exhausting her administrative remedies. (Document No. 12.) Petitioner argues that she did not "sit on her right" as she only become aware of the 60-90 recommendation in December, 2009. (Id., p. 8.) Plaintiff states that she will be irreparably harmed if she is forced to exhaust her administrative remedies because the process would not be completed in time for her to get a 9-month RRC placement. (Id., pp. 8 - 9.) Petitioner explains that "[a]s it has panned out, as of this writing, the 9 months RRC consideration is no longer viable." (Id., p. 9.) Accordingly, Petitioner requests that the Court excuse her from exhausting her administrative remedies. (Id.)

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas*

---

[4] Ms. Evans states that she is currently employed by the BOP as a Unit Manager at FCI McDowell. (Document No. 15.)

review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Exhaustion may be excused under ceratin circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); also see Yannucci v. Stansberry, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting her administrative remedies and her Petition should be dismissed.

7

**2.   Title 18 U.S.C. § 3621:**

Notwithstanding the fact that Petitioner failed to exhaust, the undersigned will consider her claims on the merits. Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of her sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release RRC placements. As amend by the Second Chance Act of 2007, Section 3624(c)(1) provides as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The Second Chance Act required that the BOP to issue new regulations designated to ensure that

RRC placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 520.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement. Section 520.22 requires the BOP to make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. The 12-month RRC period is a statutory maximum and it is not mandatory that prisoners receive 12-months in RRC placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

  Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for RRC placement pursuant to Section 3621(b). Respondent filed a declaration from Ms. Evans explaining the process used to determine the length of RRC placement. (Document No. 15.) Specifically, Ms. Evans states that the Unit Team meets with an inmate during Program Review, which is the process used by the BOP to review inmate progress and to tailor individual programs to meet particular needs of each inmate. (Id., pp. 1 - 2.) During the Program Review held on July 7, 2009, the Unit Team considered Petitioner for prerelease placement in a RRC. (Id., p. 2.) The Unit Team noted that Petitioner had a stable residence, but she was refusing to participate in

9

IFRP.[5] (Document No. 15, p. 2 and Document No. 11-1, p. 12.) Ms. Evans states that based upon the criteria in 18 U.S.C. § 3621(b), the Unit Team recommended Petitioner to be placed in a RRC for 60-90 days.[6] (Document No. 15, p. 2.) Petitioner acknowledges that "Respondent was correct in stating that Petitioner has had an individualized RRC review based on the five factors under Section 3621(b)." (Document No. 12, p. 6.) Petitioner, however, disputes that she was in IFRP refusal and argues that Respondent did not consider her specific needs. (Id., pp. 4 - 6.) Although Petitioner disagrees with the outcome, there is no doubt that Petitioner received an individualized assessment for a RRC placement using the factors contained in Section 3621(b). See Syrek v. Phillips, 2008 WL 4335494 (N.D.W.Va. Sep. 17, 2008)(finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); also see Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, * 5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); Garrison v. Stansberry, 2009 WL 1160115 at * 5(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement;

---

[5] In *Loving v. United States, et. al*, Civil Action No. 1:09-0201, Petitioner filed a Petition alleging that the BOP was improperly taking money from her inmate account through the IFRP. By Proposed Finding and Recommendation entered on August 9, 2010, the undersigned determined that the BOP was properly administering its IFRP as to Petitioner and recommended that her Petition be dismissed. By Memorandum Opinion and Order entered on September 21, 2010, District Judge David A. Faber adopted the undersigned's recommendation and dismissed Petitioner's Petition.

[6] Ms. Evans states that "[o]n July 7, 2009, during inmate Loving's Program Review at FPC Alderson, we considered her for prerelease placement in a Residential Reentry Center ("RRC"). Based upon the factors in 18 U.S.C. § 3621(b), we recommended that inmate Loving be placed in a RRC for 60 - 90 days." (Document No. 15, p. 2.) Ms. Evans explains that the "Program Review specifically notes we considered inmate Loving's placement in an RRC under the Second Chance Act, and though we did not specifically list the five factors, we did consider all five factors." (*Id.*)

the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"); Therefore, the undersigned finds that the BOP appropriately considered Petitioner for RRC placement pursuant to Section 3621(b).

**3.      Title 42 U.S.C. § 17541(a):**

Finally, Plaintiff argues that she is also entitled to maximum RRC placement pursuant to Section 17541(a) as an incentive for her participation in the BOP's skills development program. Title 42 U.S.C. § 17541(a)(2) provides that "[i]ncentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include - - (A) the maximum allowable period in a community confinement facility . . .". The statutory language, however, clearly provides that any incentive is at the discretion of the Director. Thus, Section 17541(2)(A) does not entitle inmates to maximum RRC placement upon completion of a program.[7] See Brown v. Rios, 2009 WL 5030768, * 7 (D. Minn. Dec. 14, 2009)(finding that Section 17541 "does not require that the BOP make maximum RRC placement an incentive for participating in a reentry program. . . Rather, the Statute merely authorizes the BOP to make maximum RRC placement an incentive, in its own discretion"). Furthermore, it appears that the BOP reviewed and denied Petitioner's recent request for maximum RRC placement pursuant to Section 17541(a)(2)(A). Specifically, Respondent explains as follows:

---

[7] The Court recognizes that one case reached a contrary result. In *Krueger v. Martinez*, 665 F.Supp.2d 477 (M.D.Pa. Sep. 3, 2009), the Middle District of Pennsylvania granted *habeas* relief after the BOP acknowledged that it had not considered Section 17541(a) when conducting petitioner's RRC review. Subsequently, at least two Middle District of Pennsylvania courts have declined to follow the reasoning of *Krueger*. These Courts explain that "while the Act authorizes 12 month RRC placement by the Bureau of Prisons, it does not mandated them. Instead, the Act expressly and repeatedly emphasizes that the Bureau of Prisons retains full discretion in identifying when and how inmates are placed at RRCs." *Ramos v. Holt*, 2010 WL 2471707, * 10 (M.D.Pa. May 5, 2010); *McDonald v. Obama*, 2010 WL 1526443, * 7 (Mar. 15, 2010).

> Petitioner recently filed a request to staff to be considered under this section. Petitioner's Unit Team reviewed § 17541(a)(2)(A) with her and explained that based on her reentry needs, 60-90day RRC placement was appropriate. The Unit Team also noted Petitioner's failure to fully participate in the IFRP.

(Document No. 11, p. 8.) Accordingly, the undersigned concludes that Petitioner's Petition should be dismissed because Section 17541 does not entitle Petitioner to maximum RRC placement.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge